No. 474.

MRS. E. V. ELBERT and HUSBAND *v.* WALLACE & CO. and J. A·
LIDDELL, Sheriff.

The objection to the introduction of plaintiff's testimony as a witness to prove in her own
behalf that she was not a member of a certain firm, was properly sustained. If not
estopped by her own declarations in an authentic act and in judicial proceedings,
plaintiff's testimony could not have availed to show that she was not a member of said
firm against her own solemn declarations in those instruments that she was.

APPEAL from the Fourteenth Judicial District Court, parish of
Richland. *Ray,* J. *Todd & Potts,* for plaintiff and appellant. *R.
W. & R. Richardson,* for defendants and appellees.

TALIAFERRO, J. Wallace & Co., being owners of a promissory note
executed in their favor by Hanna & Co. for $2016 14, with interest at
eight per cent. per annum from May 24, 1871, secured by mortgage
executed on the twelfth of June following by R. P. Edwards, who also
indorsed the note, took out an order of seizure and sale and caused the
mortgaged property, viz., four town lots in the town of Girard, num-
bered respectively eleven, twelve, thirteen and fourteen, to be seized
and advertised for sale by the sheriff. Mrs. E. V. Elbert, wife of
Josiah H. Nettles, joined, and authorized by her husband, sued out an
injunction to restrain the sheriff from proceeding to make the sale.
The grounds stated for injoining are these :

*First*—That the plaintiff in injunction is in no manner bound for the
debts of Zac. Hanna & Co., and was never a member of said firm.

*Second*—That she is the owner of lots numbered eleven, twelve and
thirteen, seized in this case by the sheriff.

*Third*—That Edwards, the mortgageor, at no time had an interest
exceeding one-half in the mortgaged property, and therefore if he ever
mortgaged the property he could only have subjected to the mortgage
one-half thereof.

*Fourth*—That Edwards was not a member of the firm or partnership
of Zac. Hanna & Co., nor was he bound for the debts of that partner-
ship. Neither did he assume to pay the debt of Zac. Hanna & Co. to
Wallace & Co, nor to make himself personally liable for the same,
and theretore that the pretended mortgage is an absolute nullity, as it
is not accessory to any debt of the mortgageor.

*Fifth*—That the seizure was not preceded by an amicable demand of
the alleged mortgageor according to law, or by notice to petitioner.

Wallace & Co. filed a motion to dissolve the injunction with $250
damages as attorney's fees, twenty per cent. damages on the amount
injoined and eight per cent. interest on the amount of the note sued
on from the time the injunction was filed in addition to the interest
claimed in the petition until the same is released.

The grounds for dissolution of the injunction are :

45

*First*—The amount of the bond fixed by the parish judge is, upon the face of the papers, wholly insufficient to warrant the issuance of the injunction.

*Second*—The security on the bond is insolvent.

*Third*—That the authentic documents attached to the petition praying for the order of seizure and sale furnish further evidence of the falsity of every allegation in plaintiff's petition for injunction.

Judgment was rendered dissolving the injunction and commanding the sheriff to proceed with the sale of the property. It was further decreed that the plaintiff, Elizabeth V. Elbert, wife of J. H. Nettles, and her sureties, Abram Thompson and William T. Oliver, pay *in solido* to defendants in injunction ten per cent. on $2260 19, the amount injoined, viz., $226 as general damages, and the further sum of $175 as special damages and costs of suit. The plaintiff has appealed.

In the course of the trial, in the court below, the plaintiff was offered as a witness to prove in her own behalf that she was not a member of the firm of Z. Hanna & Co. This was objected to on the part of the defendants, who produced the authentic act of sale of the property of Z. Hanna & Co. to R. P. Edwards, and the records of various suits on the docket of the parish court, by which it was shown that that act of sale and those suits were brought by Z. Hanna and Mrs. Elizabeth V. Nettles, wife of Josiah H. Nettles, styling themselves "members comprising the commercial firm of Z. Hanna & Co." By these records it was contended the plaintiff was estopped from showing that she was not a member of that firm. The objection being sustained the counsel for plaintiff then offered to introduce the attorneys who had brought those suits, to prove by them that the plaintiff had not authorized them to style her a partner of the firm of Z. Hanna & Co. This also being objected to, and the objection sustained, the counsel for plaintiff, after defendants had closed their testimony, again offered to introduce the same attorneys as witnesses to establish, by way of rebuttal, the same facts they were at first introduced to establish. This meeting with no better success than in the former instance, the plaintiff reserved a bill of exceptions to the several rulings of the court in relation to the rejection of the evidence.

We think the exception was properly sustained. If not estopped by her declarations in an authentic act and in judicial proceedings, the plaintiff's own testimony could not have availed to show that she was not a member of the firm of Hanna & Co. against her own solemn declarations in these instruments that she was. 8 N. S. 134; 4 An. 416; 5 An. 18; 6 N. S.

Edwards was the owner of the lots eleven, twelve and thirteen and fourteen when he executed the mortgage. The note was indorsed by

him and identified with the act of mortgage. It is not contended that Edwards was a member of the firm of Hanna & Co., nor do we understand it to be the purpose of the defendants, although he indorsed the note, to render him liable for the debts of Hanna & Co. beyond the property mortgaged. "It is not necessary that the mortgage should be given by the person contracting the principal obligation; it may be given for the contract of a third person." C. C. 3295, 3297, 3298, et seq.; 1 An. 62

The proceedings in this case throughout, on the part of the defendants, to enforce the payment of their claim against their debtors, seem to have been regular and to have been taken with abundant caution. We think the case on their part fully made out, and see no reason to disturb the judgment of the lower court.

Judgment affirmed.